Eastern District.
*March*, 1830.

PILIE
*vs.*
PATIN & AL.

The wife cannot be surety for the husband.— And, where she binds herself as principal, she may show the contract was one of suretyship, altho' she did not take a counter letter.

PILIE *vs.* PATIN, WIFE OF DELAGE, AND HUSBAND.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiff, endorsee of a promissory note secured by a mortgage, prayed for, and obtained, an order of seizure against the property of the wife. This seizure the latter enjoined, alleging, that the obligation she had signed, was given for a debt of her husband, which had not turned to her benefit.

The court below, after hearing testimony, made the injunction perpetual, and the plaintiff appealed.

By the act of mortgage, the defendant states, that she owes to Francois La Brouche Dusin, $1217, for so much that he lent her to repay her sister, Gertrude Patin, wife of Pierre Abadie, the two instalments, which the latter had advanced to her, on a contract for the hire of ten negroes for three years, and to insure the payment of this sum, for which she had given her two notes for $608, 50-100 each, she mortgaged certain slaves, &c.

The court, notwithstanding the objection of the plaintiff, permitted the defendant to

Eastern District
*March*, 1830.

PILIE
*vs.*
PATIN & AL.

prove by parol testimony, a consideration for the act of mortgage, different from that expressed in it. The legality of this decision is brought before us, by a bill of exceptions.

We are of opinion the judge did not err. The plaintiff has relied on the often cited articles of our code, which forbid the introduction of evidence, against, or beyond, what is contained in public acts. These articles have never been understood to apply to cases, where the contract was entered into, in contravention of other provisions of the law.— When certain persons, such as minors, or married women, are incapacitated from contracting engagements of a particular kind, any stipulation obtained from them, contrary thereto, are in *fraudem legis,* and if it were not open to them to show the real nature of the transaction, the laws made for their protection, would have no effect. It is not a good answer, to say, that persons so incapacitated, should take a counter letter, for, to admit this argument, would be to make them the victims of the weakness which induced the law to throw its shield over them. If they had knowledge enough to guard themselves in this way, they would not require any other protection. In the case of the *Louisiana*

PILIE
*vs.*
PATIN & AL.

*State Bank* vs. *Rowel*, we said, "When the law incapacitates persons from making contracts of a particular kind, its provisions cannot be evaded, by giving to these contracts a different form from that forbidden by law, when in substance, the contract is that prohibited. To sanction such agreements, would be permitting that to be done indirectly, which the law will not permit to be done directly." *Vol.* 7, 341, 5 *ib.* 54.

The evidence shows, we think, satisfactorily, the following facts: The defendant had bound herself jointly with her husband, for a debt, which he had contracted to the plaintiff. Suit was brought against them, in which, the plaintiff recovered judgment against the husband, and failed, in his action against the wife. At, or about the same time, one Poydras, recovered judgment against the defendant, with which judgment she was dissatisfied, and desired to appeal. Being embarrassed to obtain security for the prosecution of the appeal, the plaintiff offered to become her surety, on the condition of her securing the former debt, in the manner it was done in the act on which this suit was instituted.

On these facts, we have no doubt the contract of the appellee was not binding on her,

and it is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Cannon* for plaintiff, *Eustis* for defendants.